UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MARTINEZ VEGA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  2:26-cv-01043-DAD-SCR (HC)<br><br>ORDER GRANTING IN PART PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On March 23, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On March 24, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB (E.D. Cal. Mar. 10, 2026), where the undersigned found that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States

1

without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  (Doc. No. 4.)

On March 25, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that opposition, respondent argues that this case is factually distinguishable from previous cases before this court because petitioner filed a request for a bond hearing which he later withdrew.  (*Id.* at 3.)  Respondent cites no authority to suggest that this fact has any legal bearing.  Moreover, respondent argues that petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2).  (*Id.*)[1]  This is an argument that the undersigned has previously rejected on several occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent also states that it does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing.  (Doc. No. 6 at 4.)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.
Petitioner entered the United States on or about March 10, 2010 without inspection.  (Doc. No. 1 at 4.)  On October 21, 2025, petitioner encountered and was detained by immigration authorities.  (*Id.* at 5.)

The court incorporates and adopts the reasoning set forth in *Quichimbo-Jimenez* and finds that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondent argues that petitioner has recently been convicted of a misdemeanor firearms offense and may constitute a danger to the community.  (Doc. No. 6 at 3.)  On this basis, respondent contends that, under 8 U.S.C. § 1226, petitioner should only receive a bond hearing and not immediate release.  This argument distinguishes this case from those addressed in previous orders where the undersigned concluded that the granting of immediate release was the appropriate remedy because respondent had failed to argue both that any other detention authority applied and that the petitioner

---

[1]  In light of that position, respondent also appears to suggest that any request by petitioner for a bond hearing should be denied by an immigration judge for lack of jurisdiction.  (Doc. No. 6 at 2) ("As an applicant for admission, petitioner is subject to mandatory detention and thus ineligible for a bond hearing.").

constituted a danger or flight risk. *See J.P.C. v. Chestnut*, No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) (finding that immediate release was the appropriate remedy for improper detention under 8 U.S.C. § 1225 where the respondent did not argue that the petitioner posed a danger to the community or flight risk) (citing *Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026) and *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025)).

Accordingly, the court determines that in this case a bond hearing pursuant to 8 U.S.C. § 1226(a) is the appropriate remedy.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED IN PART as follows:

    a. Respondent is ORDERED to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the service of this order at which where petitioner will bear the burden of demonstrating that he is not a danger to the community or a flight risk;

    b. Petitioner's petition for writ of habeas corpus, including his request for immediate release, is otherwise DENIED;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order addressing the petition for habeas relief on its merits; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **March 26, 2026**                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3